**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-01713-001-TUC-CKJ (JCG) |
| Plaintiff, | **ORDER** |
| v. | |
| Laurand Edward Johnson, | |
| Defendant. | |

On June 29, 2022, Defendant Laurand E. Johnson filed a Motion to Compel the Government to Transfer [him] Pursuant to Writ of Habeas Corpus Ad Prosecundum Under 28 U.S.C. § 2241. The motion raises questions of law which were previously addressed by this Court in 2017 when it denied a habeas motion filed by the Defendant pursuant to 28 U.S.C. § 2255. Both then and now, the law and facts preclude relief, and the motion is denied.

On March 28, 2008, the Court sentenced Defendant to a 24-month term of imprisonment, followed by 36 months of supervised release. His supervised release was revoked, and he was committed to prison for four months, followed by 24 months of supervised release. Again, Defendant violated supervised release. He was indicted on June 29, 2011, for theft of means and possession of burglary tools in the State of Arizona, and while out on pretrial bond, he was arrested on July 30, 2011, for dangerous drug possession and use, dangerous drug paraphernalia possession and use, and promoting prison contraband. These offenses resulted in convictions in two state cases for which he is now

in state custody serving 3.5 and 12-year concurrent sentences. They also resulted in the United States Probation Office filing, on August 11, 2011, under seal, a petition to revoke his supervised release. On May 8, 2012, the United States Marshall's Service (USM) lodged a federal detainer against the Defendant, and it remains in place

It is this detainer that the Defendant addresses because it makes him ineligible for new release programs and prevents access to rehabilitative and educational programs while in state custody for nearly 12 years. (Motion (Doc. 58) at 3.)[1] The Defendant asks the Court to order the Government to issue the writ for his transfer to federal custody to answer for the supervised release revocation allegations. He argues that as the allegations grow older and older, the evidence becomes more and more unavailable, forgotten and remote violating the Due Process Clause in the Fifth Amendment. He asserts this is a different argument from the one made and rejected by the Court in 2017, wherein he invoked Article III of the Interstate Agreement on Detainers Act (IADA)[2] and argued the collateral adverse consequences of the detainer violated the Fifth Amendment.

While Defendant reframes his argument now as a right to a reasonably prompt hearing on the Petition to Revoke, his due process rights under the Fifth Amendment remain the same.

"'While we sympathize with [defendant's] predicament, if it is one, the district court's decision to wait to hold a hearing until after [defendant] completes his state court confinement was not unreasonable . . . . Even assuming there are some collateral adverse consequences, we have "rejected the notion that every state action carrying adverse

---

[1] The Court notes the Defendant has earned two associates degrees and multiple vocational certificates. (Gov't Resp. (Dc. 64) at 6) (citing (Motion (Doc. 58) at 9.)

[2] *See* (Order (Doc. 56) at 3 ("Article III of the IADA gives a prisoner in one jurisdiction the right to demand a speedy disposition of any untried 'indictment, information, or complaint' that is the basis of a detainer lodged against him by another jurisdiction. 18 U.S.C. App. 2, § 2. However, the United States Supreme Court has held that a detainer based on a probation revocation charge does not come within the terms of Article III. *Carchman v. Nash*, 473 U.S. 716, 725 (1985). *See also United States v. Wickham*, 618 F.2d 1307, 1309 n.3 (9th Cir. 1979) (speedy revocation hearing protection under the due process clause is 'not triggered when the warrant is placed as a detainer at an institution where the probationer or parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release').")

consequences for prison inmates automatically activates a due process right.'" (Order (Doc. 56) at 3 (quoting *United States v. Romero*, 511 F.3d 1281, 1284-85 (10th Cir. 2008) (internal citations and footnote omitted)). Even under the law relied on by the Defendant in the current motion, he is not entitled to relief because "'relief is not called for unless there was *both unreasonable delay and prejudice.*'" (Motion (Doc. 58) at 6.)

It is hard to argue prejudice when the ground for revocation is that he committed another criminal offense because such a revocation contemplates reasonable delay for there to be a determination of guilt and the conviction become final. Delay in holding a hearing at least until the appeal process has been exhausted cannot prejudice him because no evidence in his favor will be lost. Because he is not in custody under the probation violation, no preliminary hearing on probable cause is necessary. (Motion (Doc. 58) at n. 3 (citing Rule 32.1 Notes of Advisory Committee on Rule 1979 (citing *Thomas v. United States,* 391 F. Supp. 202, 204 (W.D. Pa. 1975)).

In *United States v. Santana,* 526 F.3d 1257, 1259-60 (9th Cir. 2008), the unreasonable delay clock did not start ticking until he was due to be released from state custody. That time has not come for the Defendant, who remains incarcerated by the state court for the state offenses. In *Santana,* the court found a 121-day delay did not prejudice the defendant.

Applying *Barker v. Wingo,* 407 U.S. 514 (1972) as suggested by Defendant Johnson, the Court balances the following factors: 1) length of delay, 2) reason for delay, 3) defendant's timely protest of delay, and prejudice to the defendant. Defendant Johnson asserts three types of actual prejudice exist as recognized in *Barker*: oppressive pre-trial incarceration, unnecessary anxiety of the accused, and impairment of his ability to mount a defense. *Id.* at 532. He asserts a presumption of prejudice, which recognizes that as one-year approaches, post-accusation delay starts to become serious enough to trigger Speedy Trial analysis. (Motion (doc. 58) at 7.)

The Court finds the Defendant does not meet the *Barker* test. It alleviates his anxiety over the unknown by unsealing the Petition for Revocation and the Arrest Warrant, and

providing copies of these documents to his attorney. Defendant is already incarcerated for the state offenses thereby reducing the oppressive nature of pre-trial incarceration. The fact of his state convictions will not be impaired with the passage of time. As for the 10-year delay in any hearing on his supervised release allegations, as noted above under *Santana*, that clock has not even started ticking.

This Court has general habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241, *Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999), and required to "promptly examine" a habeas petition. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." *Hafley v. Alaska at Palmer*, No. 3:21-CV-00217-RRB, 2021 WL 5284101, at *1 (D. Alaska Nov. 12, 2021) (quoting Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, noting the same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241). The Court finds that the Defendant is clearly not entitled to relief.

**Accordingly,**

**IT IS ORDERED** that the Motion to Compel Government to Transfer Defendant Pursuant to Writ of Habeas Corpus Ad Prosecundum Under 28 U.S.C. 2241 (Doc 58) is DENIED.

**IT IS FURTHER ORDERED** affirming the Minute Entry (Doc. 62) granting the Government's Motion to Unseal the Sealed Arrest Warrant (Doc. 60) and granting the Defendant's Motion to Compel Government to Provide Defense with Supervised Release

/////
/////
/////
/////
/////
/////

Revocation Packet (Doc. 59). Disclosures shall be made to defense counsel, who shall not duplicate or otherwise disseminate the material produced pursuant to this Order.

Dated this 8th day of September, 2022.

*Cindy K. Jorgenson*
Honorable Cindy K. Jorgenson
United States District Judge